## THE PEOPLE v. LUCY MALLETTE.

*Criminal law—House of ill fame—General criminal statute—City charter.*

1. That a general criminal law of the State is superseded by city charters, granted prior to its enactment, is a proposition repugnant to reason and common sense, and unsupported by precedent.

2. Evidence that a respondent kept a house resorted to by men for the purposes of prostitution and lewdness, where frequent acts of prostitution were committed with her, and that it was reputed to be a house of ill fame, is sufficient to constitute the the statutory offense, and it is not necessary to show that it was resorted to by other lewd women.[1]

Exceptions before judgment from Menominee. (Steere, J.) Argued February 19, 1890. Decided February 20, 1890.

Respondent was convicted of keeping a house of ill fame. Conviction affirmed, and the court advised to proceed to judgment. The facts are stated in the opinion.

[1] See *People v. Pinkerton,* 79 Mich. 110, for an exhaustive discussion of this statute.

*Don Cameron* and *R. C. Flannigan,* for respondent.

*A. C. Cook,* Prosecuting Attorney, for the people.

GRANT, J. Respondent was convicted of keeping a house of ill fame in the city of Menominee, between December 1 and 17, 1889.

The charter of the city of Menominee, granted in 1883, provided that the common council "might prohibit and suppress all disorderly houses and places, houses of ill fame, assignation houses," etc., and punish the keepers thereof by a fine not to exceed $500, or by imprisonment not to exceed six months.

The statute under which respondent was convicted was passed March 18, 1887.[1] It provides that—

"Every person who shall keep a house of ill fame, resorted to for the purpose of prostitution or lewdness, * * * shall be punished," etc.

It is claimed that the provision of the charter is repugnant to and inconsistent with the act of 1887, and that, therefore, the operation of the general law is suspended within the city limits. The council had passed an ordinance under this provision of the charter. There might be some force in the claim that the law of 1887 repealed the provision of the charter covering the same subject-matter. That point, however, has been settled by this Court in *People v. Hanrahan,* 75 Mich. 611 (42 N. W. Rep. 1124). But that a general law of the State covering criminal cases is superseded by city charters, granted prior to the passage of the general law, is a proposition repugnant to reason and common sense, and unsupported by precedent.

The record shows that the respondent kept the house; that men resorted to it for the purposes of prostitution and lewdness; that frequent acts of prostitution were there

---

[1] Act No. 34, Laws of 1887.

committed with the respondent; and that it was reputed to be a house of ill fame. This was sufficient evidence to constitute the offense. It was not necessary to show that other lewd women resorted there.

Conviction is affirmed, and the circuit court directed to proceed to judgment upon the verdict.

The other Justices concurred.