STATE OF IOWA v. HERBERT YOUNG, Appellant.

**Keeping House of Ill Fame.** One who allows lewd men to visit his house for sexual intercourse is guilty of keeping a house of ill fame, though the illicit commerce is with his wife who is the only female inmate. *State v. Lee,* 80 Iowa, 83, *distinguished.*

*Appeal from Mahaska District Court.*—HON. BEN McCOY, Judge.

TUESDAY, DECEMBER 10, 1895.

The defendant and Lucy Young were jointly charged by indictment with the crime of keeping a house of ill fame. The case was dismissed as to the defendant Lucy Young, and the defendant Herbert Young was put on trial before a jury. A verdict of guilty was returned against him, and judgment of imprisonment in the penitentiary for the term of six months, and for costs entered thereon, from which he appeals.—*Affirmed.*

*O. C. G. Phillips* and *Liston McMillen* for appellant.

*Milton Remley,* attorney general, *James Carroll,* county attorney, and *Dan Davis* for the state.

Given, C. J.—The only ground for a reversal urged in argument, and the only one that fairly can be urged upon the record, is that the evidence fails to show that the house kept by the appellant was a house of ill fame. The evidence is that the defendant and Lucy Young, who is spoken of as his wife, lived together in the house mentioned, that the house was habitually resorted to by lewd and lascivious men, for the purpose of sexual intercourse with said Lucy

Young, who was a woman of bad repute, and that the general reputation of the house was that it was a house of ill fame. There is no doubt but that the defendant kept the house, and knew that Lucy Young was using it for the purpose of prostitution. There is no evidence that any other female ever lived at or resorted to said house; hence it is that appellant claims that it was not a house of ill fame. *State v. Lee,* 80 Iowa, 83 (45 N. W. Rep. 545), is quoted, wherein, in speaking of an instruction, the court said: "It informed the jury, also, that a single act of illicit intercourse in the house, or any number of acts with the proprietor alone, would not make the place a house of ill fame, but that it must have been used for that purpose more than once by others than the proprietor." Appellant was the proprietor of the house. The acts of illicit intercourse were not with him, but between Lucy Young, with his knowledge and approval, and the men who resorted there for that purpose. The distinction between these cases is apparent. The house was a house of ill fame. The defendant kept the same for the purpose of prostitution and lewdness, and his conviction is fully warranted by the evidence.—*Affirmed.*