# CHARLESTON.

## STATE v. MARGARET PYLES.

Submitted September 7, 1920.      Decided September 14, 1920.

1. DISORDERLY HOUSE—*House Occupied by Only One Woman Engaged in Promiscuous Intercourse is not a "House of Ill Fame."*

   A house solely occupied by one woman who there indulges in illicit sexual intercourse with numerous men, but not resorted to by any other woman for the purpose of prostitution, is not a house of ill-fame within the meaning of a statute making it an offense to keep such a house. (p. 636).

2. CRIMINAL LAW—*Where Statute Does not Define House of Ill Fame, Resort Will Be Had .to the Common Law.*

   The statute not having defined a house of ill-fame, it is necessary to go to the common law for its definition, and, the statute being penal, the common law offense and its definition cannot be judicially enlarged. (p. 636).

(WILLIAMS, PRESIDENT, absent.)

(LYNCH, JUDGE, dissents.)

Error to Circuit Court, Wetzel County

Margaret Pyles was convicted of keeping and maintaining a house of ill fame, and she brings error.

*Reversed and Remanded.*

*Thayer M. McIntire,* for plaintiff in error.

*E. T. England,* Attorney General, and *Chas. Ritchie,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

The judgment here complained of imposed a jail sentence of six months, suspended except as to forty-five days thereof on condition of good behavior, and a fine of $25.00, on a conviction of guilt of keeping and maintaining a certain house of ill-fame.

The accused permanently resided in the house alone, but, according to the evidence, men there singly visited her so often,

in such number and under such circumstances as, aided by her own conduct, tended very strongly to prove that she there indulged in acts of prostitution with them. But there is no proof, nor sufficiently probative evidence, that any other woman resorted to the house for purposes of prostitution.

Our statute does not define a house of ill-fame, wherefore it is necessary to go to the common law for its definition. *Houston* v. *Com.,* 87 Va. 257. Under the common law, a house kept by one woman who there indulges in prostitution with numerous. men, and not resorted to by any other lewd woman for the like purpose, is not a house of ill-fame. *State* v. *Evans,* 27 N. C. 603; *People* v. *Buchanan,* 1 Idaho 681; *Moore* v. *State,* 104 N. C. 858; *Pierson's Case,* 1 Salk. 382, 2 Lord Raymond 1197; *Singleton* v. *Ellison,* 1 Q. B. (1895) 607; *Caldwell* v. *Leech,* 23 Cox's Cr. L. Cas. 510. As stated in *State* v. *Evans,* cited, the reason for the holding is that the house must possess an element of danger to the public peace, and it does not exist unless there is a tendency to bring together crowds or assemblages of dissolute, debauched and quarrelsome persons. The common law penalty had, for its principal purpose, preservation of the peace, not maintenance of morality. Morality was encouraged and vindicated by the spiritual tribunals, and the common law ordinarily left an unmixed question of morality or offense against morality within their cognizance.

Some of the American cases are classed as having liberalized the definition, but, in almost all instances, they are found, upon analysis, to rest upon statutes, ordinances of cities or differentiating circumstances. In *People* v. *Mallette,* 79 Mich. 600, it is distinctly held that one female occupant of a house not resorted to by other lewd women suffices in this respect, but neither a precedent nor any demonstrative reasoning is submitted in support of the conclusion. In several cases, it has been held that occupancy by a husband and wife suffices, the latter being a prostitute and using the house for illicit intercourse. *State* v. *Gill,* 150 Iowa 210; *State* v. *Young,* 96 Iowa 262. A city ordinance passed under a delegation of legislative authority was held to have liberalized the definition in *Fisher* v. *City of Paragould,* 127 Ark. 268.

A statute of this kind is clearly penal in its nature and falls

under the rule of strict construction. *United States* v. *Lacher,* 134 U. S. 624; *United States* v. *Wiltberger,* 5 Wheat. 76; *Davis* v. *Com.,* 17 Gratt. 617 *;Gates* v. *Richmond,* 103 Va. 702; *Kloss* v. *Com.,* 103 Va. 864. This principle of interpretation clearly forbids judicial enlargement of the common law offense or its definition.

As the evidence wholly fails to make out a case, in view of this legal proposition the judgment will have to be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*