505 S.E.2d 654

**Randall O. SIZEMORE and Teresa Sizemore, Plaintiffs,**

v.

**STATE FARM GENERAL INSURANCE COMPANY, Kenneth M. Johnson and Goldie C. Rhodes, Defendants.**

No. 24436.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1998.

Decided June 23, 1998.

Robert H. Miller, II, Katz, Kantor & Perkins, Bluefield, for Plaintiffs.

James D. McQueen, Jr., Jeffrey C. Dunham, McQueen, Harmon, Potter & Cleek, Charleston, for Defendants.

MAYNARD, Justice:

We are presented in this case with four questions certified by the Circuit Court of Mercer County regarding the proper limitation period in which to bring an action on a multiple line insurance policy. The certified questions and the circuit court's answers are as follows:

1. Is the plaintiffs' claim for first party property coverage for a fire loss barred by the one year limitation of action provision contained in their State Farm mobile home policy where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?

Answer of the circuit court: No.

2. Is the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith, arising from the investi-

gation and denial of their fire loss property insurance claim, also barred by the one year limitation of action provision contained in their State Farm mobile home policy where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?

Answer of circuit court: No.

3. Alternatively, is the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith, arising from State Farm's investigation and denial of their fire loss property insurance claim, barred by the one year statutory limitation of action provision [Code § 55–2–12(c) ], where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?

Answer of the circuit court: No.

4. If a two year statute of limitations applies, is dismissal of a civil action appropriate where the plaintiff files a summons and complaint within the two year period, does not serve it, but later abandons the original summons and, 34 days after the two year period expires, causes another summons to issue and to be served for the first time on the defendants, with the complaint?

Answer of the circuit court: No.

■ These certified questions are the result of the circuit court's denial of the defendants' motion for summary judgment.

West Virginia Code, 58–5–2 (1967), allows for certification of a question arising from a denial of a motion for summary judgment. However, such certification will not be accepted unless there is a sufficiently precise and undisputed factual record on which the legal issues can be determined. Moreover, such legal issues must substantially control the case.

Syllabus Point 5, *Bass v. Coltelli,* 192 W.Va. 516, 453 S.E.2d 350 (1994).

We find that there is a sufficiently precise and undisputed factual record upon which the legal issues can be determined, and because these legal issues substantially control the case, the questions are properly certified under W.Va.Code § 58–5–2 (1967). Therefore, we have jurisdiction to consider the questions certified by the circuit court.

## I.

### FACTS

The undisputed facts are as follows. On April 24, 1993, a fire destroyed the mobile home of the plaintiffs, Randall and Teresa Sizemore, located in Mercer County, West Virginia. At the time of the fire, the plaintiffs' mobile home was covered by a manufactured home insurance policy issued by defendant State Farm General Insurance Company ("State Farm"). This insurance policy contained multiple line coverages providing casualty insurance combined with fire insurance.[1] The policy had been approved by the Commissioner of Insurance of the State of West Virginia as required by W.Va. Code § 33–17–2 (1957).[2]

By letter dated August 24, 1993, State Farm informed the plaintiffs that their fire loss claim was denied by reason of provisions in the policy relating to intentional acts, concealment or fraud, and the failure to provide certain records and documents.

Thereafter, on April 24, 1995, the plaintiffs filed a complaint in the Circuit Court of Mercer County against State Farm Fire and Casualty Company[3], State Farm General Insurance Company, Kenneth M. Johnson,

---

1. A copy of this insurance policy is included in the record. It is a "Manufactured Home Policy—Special Form 3 Agreement," and designated as form no. FP–7933 (10/86).

2. Included in the record is the affidavit of Jerry Gladwell, Director of the Rates and Forms Division of the Office of the Insurance Commissioner of the State of West Virginia, in which he states

that the insurance policy herein "has been approved by the Commissioner of Insurance of the State of West Virginia, as required by § 33–17–2 of the West Virginia Code of 1931, as amended."

3. The parties later agreed to a voluntary dismissal of State Farm Fire and Casualty Company from this action.

Claims Superintendent of the Special Investigative Unit of State Farm, and Goldie C. Rhodes, a senior investigator. The complaint alleged both breach of contract and bad faith arising from the defendants' denial of coverage of the plaintiffs' fire loss.

On November 13, 1995, the defendants filed a motion to dismiss which was converted to a motion for summary judgment under West Virginia Rule of Civil Procedure 56 by reason of the defendants' reliance on factual materials not contained within the pleadings. In this motion, the defendants asserted that the plaintiffs' breach of contract claim was barred by the one year limitation of action provision contained in the insurance policy, and the bad faith claim was barred by the one year statute of limitations for tort actions set forth in W.Va.Code § 55–2–12(c)[4]. The circuit court, thereafter, denied the defendants' motion for summary judgment and submitted the issues raised therein to this Court as certified questions by joint application and concurrence of the parties.

## II.

### STANDARD OF REVIEW

"The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*." Syllabus Point 1, *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996).

## III.

### DISCUSSION

#### A.

■ The first question we are asked by the circuit court to decide is whether,

the plaintiffs' claim for first party property coverage for a fire loss [is] barred by the one year limitation of action provision contained in their State Farm mobile home policy where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company[.]

The multiple line insurance policy at issue provides that "[n]o action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." It is undisputed that the plaintiffs failed to bring the underlying action within this required time period. In the single syllabus point of *Meadows v. Employers' Fire Ins. Co.*, 171 W.Va. 337, 298 S.E.2d 874 (1982), this Court held that "[u]nder the provisions of the standard fire policy adopted under W.Va.Code, 33–17–2 (1957), the twelve-month time period for bringing suit commences to run when the insurance company notifies the insured in writing that it declines to pay the loss." The plaintiffs were notified of State Farm's denial of their claim on August 24, 1993 and did not bring an action based on this denial until April 24, 1995.

The answer to the first certified question hinges on the validity of the one year limitation of action provision in the multiple line policy. This can only be determined by looking to the meaning of W.Va.Code § 33–17–2 (1957) and W.Va.Code § 33–6–14 (1957). According to W.Va.Code § 33–17–2,

[n]o policy of fire insurance covering property located in West Virginia shall be made, issued or delivered unless it conforms as to all provisions and the sequence thereof with the basic policy commonly known as the New York standard fire policy, edition of one thousand nine hundred forty-three, which is designated as the West Virginia standard fire policy; except that with regard to multiple line coverages providing casualty insurance combined with fire insurance this section shall not

---

4. W.Va.Code § 55–2–12 (1959) states:

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

apply if the policy contains, with respect to the fire portion thereof, language at least as favorable to the insured as the applicable portions of the standard fire policy and such multiple line policy has been approved by the commissioner. As of the effective date of this chapter [January 1, 1958], the commissioner shall file in his office, and thereafter maintain on file in his office, a true copy of such West Virginia standard fire policy, designated as such and bearing the commissioner's authenticating certificate and signature and the date of filing. Provisions to be contained on the first page of the policy may be rewritten, and rearranged to facilitate policy issuance and to include matter which may otherwise properly be added by endorsement. The standard fire insurance policy shall not be required for casualty insurance, marine insurance nor insurance on growing crops.

W.Va.Code § 33–6–14 states:

No policy delivered or issued for delivery in West Virginia and covering a subject of insurance resident, located, or to be performed in West Virginia, shall contain any condition, stipulation or agreement requiring such policy to be construed according to the laws of any other state or country, except as necessary to meet the requirements of the motor vehicle financial responsibility laws or compulsory disability benefit laws of such other state or country, or preventing the bringing of an action against any such insurer for more than six months after the cause of action accrues, or *limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than marine insurances;* in marine policies such time shall not be limited to less than one year from the date of occurrence of the event resulting in the loss. Any such condition, stipulation or agreement shall be void, but such voidance shall not affect the validity of the other provisions of the policy. *This section shall not apply to the standard fire insurance policy.* (Emphasis added).

Stated succinctly, if the multiple line policy containing both fire and casualty insurance is included within the meaning of the term "standard fire insurance policy" in W.Va. Code § 33–6–14, it is exempt from the prohibition on limitation of action provisions of less than two years contained in that statute, and the policy's one year limitation provision is valid. Conversely, if the multiple line policy is not included within the meaning of the term "standard fire insurance policy," its one year limitation of action provision is void.

The plaintiffs urge this Court to adopt the proposition that the multiple line insurance policy at issue is not a standard fire insurance policy and is, therefore, subject to a statutory filing limitation period of at least two years. Essentially, the plaintiffs argument is as follows. W.Va.Code §§ 33–17–2 and 33–6–14 are not ambiguous and, therefore, must be applied and not interpreted. W.Va.Code § 33–17–2 defines the West Virginia Standard Fire policy as one that conforms to all the provisions and the sequence thereof with the New York standard fire policy. Ergo, a policy containing additional types of coverage, such as a multiple line policy, does not meet this definition. In addition, W.Va.Code § 33–17–2, by its own express terms, does not apply to insurance policies which have other types of coverage in addition to fire insurance. W.Va.Code § 33–17–2 states that "with regard to multiple line coverages providing casualty insurance combined with fire insurance *this section shall not apply[.]*" (Emphasis added). Accordingly, because a multiple line policy is not a standard fire insurance policy, it is not exempt from the prohibition on limitation of action provisions of less than two years in W.Va.Code § 33–6–14.

The defendants respond that W.Va.Code §§ 33–17–2 and 33–6–14 demonstrate a clear legislative intent to include multiple line policies in the definition of the standard fire insurance policy. This is evidenced first by the fact that W.Va.Code § 33–17–2 provides for multiple line policies that include fire coverage. If these multiple line policies are not to be governed by the same limitation of action provision as standard fire policies, why must they contain language at least as favorable to the insured as the standard fire poli-

cy. Second, additions to the standard fire policy do not change the character of such policies. *Citing Prete v. Royal Globe Ins. Co.*, 533 F.Supp. 332 (N.D.W.Va.1982). And finally, the same policy considerations underlying the one year limitation of action provision in standard fire policies apply with equal force to multiple line policies containing fire coverage.

■ As noted above, the resolution of this issue concerns the meaning of statutory language. "A statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W.Va. 373, 386, 52 S.E.2d 740, 747 (1949). We believe that W.Va.Code § 33–6–14, when read *in pari materia* with W.Va. Code § 33–17–2, is susceptible to differing constructions. Reasonable minds can differ as to whether the standard fire insurance policy exemption in W.Va.Code § 33–6–14 applies only to a fire policy standing alone or a fire policy combined with other types of insurance coverage as provided for in W.Va. Code § 33–17–2. We, therefore, find that W.Va.Code § 33–6–14 is ambiguous.

■ "A statute that is ambiguous must be construed before it can be applied." Syllabus Point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992). "Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretive inquiry is to ascertain the legislative intent." Syllabus Point 1, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983). In determining the Legislature's intent, we are mindful that,

[a] statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose

and design thereof, if its terms are consistent therewith.

Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

■ In answering the first certified question, we are persuaded by the reasoning of the defendants. A careful reading of W.Va. Code § 33–17–2 reveals that its basic purpose is merely to set forth the minimum fire insurance coverage allowable under state law. This minimum standard is represented by the standard fire policy consisting of 165 numbered lines. *See Meadows, supra.* As long as a fire insurance policy contains this minimum allowable coverage, it is not significant whether or not the 165 line basic policy is amended in form or combined with other types of insurance coverage. This is made plain by the clear language of W.Va.Code § 33–17–2, which expressly provides that the standard fire policy may be combined with casualty insurance as long as the combined policy contains language at least as favorable to the insured as applicable portions of the standard fire policy and is approved by the state insurance commissioner. It is further supported by accompanying sections of the code. "Provisions to be contained on the first page of the policy may be rewritten, and rearranged to facilitate policy issuance and to include matter which may otherwise properly be added by endorsement." W.Va.Code § 33–17–2, in part. The pages of the standard fire policy may be renumbered and its pages rearranged. W.Va.Code § 33–17–3 (1957). Additional contracts, riders, or endorsements may also be attached. W.Va. Code § 33–17–6 (1957). This was recognized in *Prete v. Royal Globe Ins. Co.*, 533 F.Supp. 332 (N.D.W.Va.1982), where the court rejected the argument of the plaintiffs that the attachment of water damage and loss of rental endorsements to the standard fire insurance policy changed the character of the policy from one of fire insurance to that of liability insurance for limitation of action purposes. We simply find no support for the plaintiff's proposition that "a West Virginia standard fire insurance policy is a policy which provides for fire coverage, and fire coverage only." Instead, we believe that the intent of the Legislature, as set forth in

W.Va.Code § 33–17–2, is to treat the 165 line standard fire insurance policy the same as the approved fire portions of multiple line coverages which combine casualty and fire insurance. We find, therefore, that W.Va. Code § 33–17–2 (1957) defines the scope and meaning of the term "standard fire policy" to include not only the 165 numbered line basic policy, but also approved multiple line policies containing fire coverage.

When the Legislature exempted the standard fire insurance policy from the prohibition on limitation of action provisions of less than two years in W.Va.Code § 33–6–14, the Legislature manifested its intent to give full effect to that policy's one year limitation of action provision. "Obviously, the Legislature was aware that, as of 1957, the standard fire policy, as set out in W.Va.Code, 33–4–7 (1931), contained a twelve-month limitation period and for this reason the standard fire policy was exempted from the two-year requirement of W.Va.Code, 33–6–14 (1957)." *Meadows,* 171 W.Va. at 339, 298 S.E.2d at 876. We can think of no rational basis for the Legislature to allow the 165 line standard fire policy to have a one year limitation of action provision and then require the same provision in an approved fire insurance portion of a multiple line policy to be voided by the terms of W.Va.Code § 33–6–14. After all, the Legislature was aware when it provided for the standard fire policy exemption in W.Va.Code § 33–6–14 that the definition of standard fire policy includes not only the 165 line basic form but also any approved additions and amendments to that form. Accordingly, we find that because the Legislature saw fit to allow insurance providers to write multiple line policies containing fire insurance coverage conforming to the standard fire policy, the Legislature also saw fit to allow fire insurance portions of multiple line policies to contain the same limitation of action provision as the standard fire policy to which they must conform.

We conclude, therefore, that the term, "standard fire insurance policy" in W.Va. Code § 33–6–14 (1957) includes the fire portion of approved multiple line insurance policies which combine casualty and fire insurance coverage, as provided for in W.Va.Code

§ 33–17–2 (1957), so that the fire portion of approved multiple line policies is exempt from the two year requirement for limitation of action provisions in insurance contracts set out in W.Va.Code § 33–6–14 so long as the policy language is at least as favorable to the insured as the applicable portions of the standard fire policy and such multiple line policy has been approved by the commissioner. Accordingly, we answer the first certified question in the affirmative.

**B.**

The second question we are asked to address is whether the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith, arising from the investigation and denial of their fire loss property insurance claim is also barred under the facts of this case.

In addition to alleging breach of contract by State Farm in their complaint, the plaintiffs also include a claim for bad faith. Specifically, the plaintiffs state that "[t]he Defendants' willful, negligent, and unlawful refusal to pay all monies due under the terms of State Farm's policy with the Sizemores also constitutes bad faith, which entitles the Sizemores to punitive damages and an award of their attorneys' fees and other costs incurred in pursuing this action." The plaintiffs assert that this bad faith claim cannot properly be disposed of by a grant of summary judgment. According to the plaintiffs, this claim concerns the motive and intent of State Farm in denying their claim, and summary judgment is not proper in cases involving motive. *Citing Dawson v. Allstate Ins. Co.,* 189 W.Va. 557, 433 S.E.2d 268 (1993). They state further that there are factual disputes over the issues of arson and the plaintiffs' alleged refusal to cooperate during State Farm's investigation of the fire.

The defendants argue that the bad faith claim is time-barred by the one year limitation of action provision contained in the policy. According to the defendants, the same facts are relied upon to support both the breach of contract claim and the bad faith claim. Therefore, the plaintiffs seek to avoid the policy's time limitation by placing the term "bad faith" in one sentence of their

complaint without specific references to additional facts supporting a bad faith claim. The defendants cite several cases from other jurisdictions holding that bad faith insurance claims are integrally related to contractual claims for purposes of determining the statute of limitation question.

In deciding this issue, our first task is to interpret the plaintiffs' bare bones pleading of bad faith. In their brief to this Court, the plaintiffs state that bad faith practices are prohibited under W.Va.Code § 33–11–4(a). There is a cause of action for a violation by an insurer of the unfair settlement practice provisions of W.Va.Code § 33–11–4(9) (1985). This cause of action was enunciated in *Jenkins v. J.C. Penney Cas. Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981), *overruled on other grounds by State ex rel. State Farm Fire v. Madden*, 192 W.Va. 155, 451 S.E.2d 721 (1994).

> The fundamental holding of *Jenkins* recognizes a private, implied cause of action for violations of W.Va.Code § 33–11–4(9) and permits plaintiff to recover attorney fees and, under the appropriate circumstances, punitive damages, if it can be shown that there was more than a single isolated violation of W.Va.Code § 33–11–4(9) and that the violations indicate a "general business practice" on the part of the insurer.

*McCormick v. Allstate Ins. Co.*, 197 W.Va. 415, 427, 475 S.E.2d 507, 519 (1996). However, the question certified to this Court concerns a claim for *common law* bad faith, not *statutory* bad faith. In addition, the plaintiffs clearly failed to plead an unfair settlement practices claim. Nowhere in the complaint do the plaintiffs refer to "unfair settlement practices," W.Va.Code § 33–11–4(9), or any specific practices listed therein that would constitute such a claim. "The plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint." *Sticklen v. Kittle*, 168 W.Va. 147, 164, 287 S.E.2d 148, 158 (1981) (footnote omitted). If it was the plaintiffs' intent to plead bad faith under W.Va.Code § 33–11–4(9), as they intimated in their brief, they failed to do so.

■ This leads us to conclude that this bad faith claim is more likely a cause of action under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73 (1986). The plaintiffs ask for an award of attorneys' fees and other costs incurred in pursuing the underlying action. The basic rule concerning such an award was stated in syllabus point 1 of *Hayseeds:*

> Whenever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonable attorneys' fees in vindicating its claim; (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience.

*See also Miller v. Fluharty, et al.*, 201 W.Va. 685, 500 S.E.2d 310 (1997).

Despite the plaintiffs' allegation of bad faith, showing bad faith is wholly unnecessary for recovery under *Hayseeds*.

> [W]e consider it of little importance whether an insurer contests an insured's claim in good or bad faith. In either case, the insured is out his consequential damages and attorney's fees. To impose upon the insured the cost of compelling his insurer to honor its contractual obligation is effectively to deny him the benefit of his bargain.

*Hayseeds*, 177 W.Va. at 329, 352 S.E.2d at 79–80.

■ "[T]he concept of 'bad faith' short of actual malice no longer has any place in the law of property damage insurance cases." *Hayseeds*, 177 W.Va. at 331, 352 S.E.2d at 81. As stated above, what is necessary in a *Hayseeds* claim is that the policyholder substantially prevail in the property damage suit against the insurer. In the instant case, however, the plaintiffs' claim for property coverage for their fire loss is barred by the one year limitation of action provision in their insurance policy. It is obvious, therefore, that the plaintiffs are unable to substantially prevail on the property damage claim. Accordingly, any *Hayseeds* cause of action the plaintiffs would have for attorneys' fees and other costs as a result of State Farm's denial of their fire loss claim is now void.

The plaintiffs also seek punitive damages in their bad faith claim against the defendants. Again, however, "a clear predicate to

recovering punitive damages in a *Hayseeds* claim is that the plaintiff 'substantially prevail' on his underlying claim[.]" *McCormick,* 197 W.Va. at 426, 475 S.E.2d at 518. The plaintiffs are unable to meet this requirement. We find, therefore, that the plaintiffs, under the specific circumstances of this case, are unable to bring a valid bad faith claim against the defendants because their underlying breach of contract claim is time barred by the policy's one year limitation of action provision. Accordingly, we answer the second certified question in the affirmative.

### C.

Because the first and second certified questions have been answered in the affirmative, we find it unnecessary to determine whether the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith is barred by the one year statutory limitation of action provision in W.Va.Code § 55–2–12(c). We find, therefore, that the third certified question is moot. The defendants waived consideration of the fourth certified question in their brief and in oral argument before this Court. Also, the fourth certified question is moot by reason of our answers to questions one and two.

### IV.

### CONCLUSION

After analyzing each of the certified questions from the Circuit Court of Mercer County, we respond as follows:

1. Is the plaintiffs' claim for first party property coverage for a fire loss barred by the one year limitation of action provision contained in their State Farm mobile home policy where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?
ANSWER: Yes.

2. Is the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith, arising from the investigation and denial of their fire loss property insurance claim, also barred by the one year limitation of action provision contained in their State Farm mobile home policy where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?
ANSWER: Yes.

3. Alternatively, is the plaintiffs' claim for extra-contractual damages under a theory of common law bad faith, arising from State Farm's investigation and denial of their fire loss property insurance claim, barred by the one year statutory limitation of action provision [Code ·§ 55–2–12(c) ], where plaintiffs failed to institute an action on the policy within one year after both plaintiffs and their attorneys received written notification of denial of coverage by State Farm General Insurance Company?
ANSWER: Moot.

4. If a two year statute of limitations applies, is dismissal of a civil action appropriate where the plaintiff files a summons and complaint within the two year period, does not serve it, but later abandons the original summons and, 34 days after the two year period expires, causes another summons to issue and to be served for the first time on the defendants, with the complaint?
ANSWER: Moot.

Certified questions answered.