IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2017 Term

_____

No. 16-0153

_____

FILED

May 17, 2017

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

BELINDA ANN FULLER,
Petitioner

_____

Appeal from the Circuit Court of Cabell County
The Honorable Paul T. Farrell, Judge
Criminal Case No. 15-F-206

REVERSED

_____

Submitted: May 2, 2017
Filed: May 17, 2017

Russell S. Cook, Esq.                    Patrick Morrisey, Esq.
Cabell Co. Public Defender Office         Attorney General
Huntington, West Virginia                 Shannon Frederick Kiser, Esq.
Counsel for the Petitioner                Assistant Attorney General
                                          Josiah M. Kollmeyer,
                                          Rule 10 Student Attorney
                                          Charleston, West Virginia
                                          Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

CHIEF JUSTICE LOUGHRY dissents and reserves the right to file a dissenting Opinion.

JUSTICE WALKER dissents and reserves the right to file a dissenting Opinion.

SYLLABUS BY THE COURT

1. "In construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant." Syllabus Point 5, *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 465 S.E.2d 257 (1995).

2. Under the first and second offenses contained in W.Va. Code § 61-8-5(b) [1943], it is a misdemeanor crime for any person to engage in an act of prostitution.

3. The third or subsequent felony offense provision contained in W.Va. Code § 61-8-5(b) [1943] does not apply to a person who engages in an act of prostitution. Instead, the third or subsequent felony offense provision only applies to third parties who financially benefit from the earnings of a prostitute, such as a pimp, panderer, solicitor, or operator.

Justice Ketchum:

Petitioner Belinda Ann Fuller ("Defendant Fuller") appeals an order of the Circuit Court of Cabell County denying her motion to dismiss an indictment charging her with a felony crime—third offense of soliciting an act of prostitution in violation of W.Va. Code § 61-8-5(b) [1943]. Under W.Va. Code § 61-8-5(b), it is a misdemeanor crime to be convicted of the first or second offense of soliciting, inducing, enticing, procuring, aiding, abetting, or participating in an act of prostitution. Additionally, W.Va. Code § 61-8-5(b) provides that the third or subsequent violation of the statute is a felony offense (hereinafter "third offense") that *only* applies "to the pimp, panderer, solicitor, operator or any person benefiting financially or otherwise from the earnings of a prostitute."

Defendant Fuller argued that the third offense provision of W.Va. Code § 61-8-5(b) does not apply to an alleged prostitute; rather, it is intended to apply *only* to "third parties who derive a financial benefit from the earnings of an alleged prostitute." The circuit court rejected this argument, finding that a prostitute who benefits financially from her own act of prostitution is included in the category of offenders who may be charged with a third offense under W.Va. Code § 61-8-5(b). Following entry of the circuit court's order, Defendant Fuller filed the instant appeal.

After thorough review, we find that the third offense provision contained in W.Va. Code § 61-8-5(b) is ambiguous. Due to this ambiguity, the rule of lenity applies, requiring this Court to strictly construe W.Va. Code § 61-8-5(b) against the State and in

1

favor of Defendant Fuller. We echo Justice Cleckley's well-reasoned statement explaining why this Court applies the rule of lenity when faced with an ambiguous criminal statute:

> We find this is a reasonable course to take when such substantial interests are at stake. *The judiciary should be hesitant to impose such restrictions when it is not clear this is the Legislature's unequivocal desire.*

*State v. Sears*, 196 W.Va. 71, 82, n.21, 468 S.E.2d 324, 335, n.21 (1996) (emphasis added).

Because the third offense provision contained in W.Va. Code § 61-8-5(b) is ambiguous, we reverse the circuit court's February 3, 2016, order denying Defendant Fuller's motion to dismiss the indictment charging her with a felony offense.[1]

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are undisputed. On February 4, 2015, Defendant Fuller got into a vehicle with an undercover police officer and agreed to perform an act of prostitution in exchange for twenty dollars. The police officer arrested Defendant Fuller.

---

[1] The first iteration of this statute, W.Va. Code § 61-8-5(b), was enacted in 1882. It was last amended in 1943. This Court would welcome direction from the Legislature clarifying the third offense provision contained in W.Va. Code § 61-8-5(b).

Prior to her February 2015 arrest, Defendant Fuller had twice been convicted of soliciting for prostitution.[2]

On May 4, 2015, a grand jury indicted Defendant Fuller on a single felony count of "3rd Offense Solicitation of an Act of Prostitution" in violation of W.Va. Code § 61-8-5(b). The indictment provides that Defendant Fuller "unlawfully and feloniously . . . offer[ed] to perform an act of prostitution [on the undercover police officer], namely oral sex for the payment of Twenty Dollars[.]"

Counsel for Defendant Fuller filed a motion to dismiss the indictment, arguing that she did not fall within the category of persons who may be charged with a third offense under W.Va. Code § 61-8-5(b). Instead, counsel argued that the third offense provision "really applies to owners of houses, pimps, those people who are really deriving benefits directly from what prostitutes do." The circuit court held a hearing on this motion and rejected Defendant Fuller's argument, concluding: "I think the clear meaning of it [the third offense provision] is the benefits financially [language] would apply to the individual performing the acts for which she would have been paid, unless there is evidence that she was not financially benefiting from it."[3] Following entry of the circuit court's order, Defendant Fuller filed the instant appeal.

---

[2] These prior convictions occurred on October 20, 2012, and January 17, 2013.

[3] After the circuit court's denial of the motion to dismiss, Defendant Fuller entered a conditional guilty plea to the charge contained in the indictment. The circuit court

(continued . . .)

## II.
## STANDARD OF REVIEW

This appeal involves an interpretation of the third offense provision contained in W.Va. Code § 61-8-5(b). Thus, our standard of review is set forth in Syllabus Point 1 of *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995): "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." With our standard of review in mind, we turn to the parties' arguments.

## III.
## ANALYSIS

The issue is whether Defendant Fuller may be charged with a third offense under W.Va. Code § 61-8-5(b). Our analysis begins with an examination of W.Va. Code § 61-8-5(b). It provides:

> Any person who shall engage in prostitution, lewdness, or assignation, or who shall solicit, induce, entice, or procure another to commit an act of prostitution, lewdness, or assignation; or who shall reside in, enter, or remain in any house, place, building, hotel, tourist camp, or other structure, or enter or remain in any vehicle, trailer, or other conveyance for the purpose of prostitution, lewdness, or assignation; or who shall aid, abet, or participate in the doing of any of the

accepted the conditional guilty plea and sentenced Defendant Fuller to a term of imprisonment of one to three years. However, the circuit court suspended execution of this sentence to permit Defendant Fuller to file the instant appeal.

4

acts herein prohibited, shall, upon conviction for the first offense under this section, be punished by imprisonment in the county jail for a period of not less than sixty days nor more than six months, and by a fine of not less than fifty dollars and not to exceed one hundred dollars; and upon conviction for the second offense under this section, be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, and by a fine of not less than one hundred dollars and not to exceed two hundred fifty dollars, and **upon conviction for any subsequent offense under this section shall be punished by imprisonment in the penitentiary for not less than one year nor more than three years.**

**The subsequent offense provision shall apply *only* to the pimp, panderer, solicitor, operator or any person benefiting financially or otherwise from the earnings of a prostitute.**

(Emphasis added).

In examining whether Defendant Fuller may be charged with a felony third offense under W.Va. Code § 61-8-5(b), we begin with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision

5

which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

Additionally, this Court has held that "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm Gen. Ins. Co.*, 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (internal quotations and citation omitted). With these rules of statutory construction in mind, we turn to W.Va. Code § 61-8-5(b).

West Virginia Code § 61-8-5(b) sets forth three categories of offenses and corresponding penalties for those offenses. The first two offenses in W.Va. Code § 61-8-5(b) are misdemeanors. It is undisputed that a prostitute who offers to commit an act of prostitution may be charged pursuant to the first and second offenses set forth in W.Va. Code § 61-8-5(b). The first two offenses set forth in W.Va. Code § 61-8-5(b) expressly apply to:

> Any person who shall engage in prostitution, lewdness, or assignation, or who shall solicit, induce, entice, or procure another to commit an act of prostitution, lewdness, or assignation; or who shall reside in, enter, or remain in any house, place, building, hotel, tourist camp, or other structure, or enter or remain in any vehicle, trailer, or other conveyance for the purpose of prostitution, lewdness, or assignation; or who shall aid, abet, or participate in the doing of any of the acts herein prohibited[.]

Clearly, the language "any person who shall engage in prostitution . . . or participate in the doing of any of the acts herein prohibited" applies to a prostitute.

By contrast, the third offense provision of W.Va. Code § 61-8-5(b) is a felony offense. The third offense provides that it "shall *only* apply to the pimp, panderer, solicitor, operator or any person benefiting financially or otherwise from the earnings of a prostitute." (Emphasis added).

Defendant Fuller argues that the third offense provision does not apply to an alleged prostitute; rather, it only applies to "third parties who derive a financial benefit from the earnings of an alleged prostitute." Defendant Fuller asserts that unlike the first two offenses contained in the statute that clearly and unequivocally apply to a prostitute, the third offense provision does not contain any language stating that it expressly applies to a prostitute. Instead, the third offense provision *only* applies to those third parties (pimps, panderers, solicitors, and operators) who benefit from the earnings of a prostitute. Had the Legislature intended a prostitute to be subject to the third offense provision, counsel for Defendant Fuller argues, it could have added three words to the end of the statute ". . . including a prostitute." Finally, Defendant Fuller asserts that the first two offenses set forth in the statute demonstrate that when the Legislature intended to subject a prostitute to liability under this statute, it did so expressly, *i.e.* "any person who shall engage in prostitution."

The State asserts that the third offense provision "states that any person receiving a financial benefit from a prostitute's earnings may be sentenced under the

7

subsequent offense provision." According to the State, "any person" who benefits financially from the earnings of a prostitute means just that—any person. Thus, the State argues that the third offense provision is not ambiguous and that a prostitute who financially benefits from her own act of prostitution may be charged pursuant to the third offense provision.

We find that the third offense provision in W.Va. Code § 61-8-5(b) is reasonably susceptible to differing constructions and that "reasonable minds might be uncertain or disagree as to its intended meaning." *Sizemore*, 202 W.Va. at 596, 505 S.E.2d at 659. Therefore, we find that the third offense provision contained in W.Va. Code § 61-8-5(b) is ambiguous.

When faced with an ambiguous statute, this Court has observed "[a] statute that is ambiguous must be construed before it can be applied." Syllabus Point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992). "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus Point 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). "A statute is ambiguous when the statute's language connotes doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression[.]" *United Services Auto Ass'n v. Lucas*, 233 W.Va. 68, 73, 754 S.E.2d 754, 759 (2014) (internal citation and quotation omitted). Similarly, this Court has held that "the initial step in such interpretative inquiry [of a statute] is to ascertain legislative intent." Syllabus Point 1, in part, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983). Also, "[w]hen a statute's

8

language is ambiguous, a court often must venture into extratextual territory in order to distill an appropriate construction. Absent explicatory legislative history for an ambiguous statute . . . this Court is obligated to consider the . . . overarching design of the statute." *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 777, 461 S.E.2d 516, 523 (1995).

Moreover, "[i]n construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant." Syllabus Point 5, *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 465 S.E.2d 257 (1995). The rule of lenity "serves to ensure both that there is fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability." *Crandon v. United States*, 494 U.S. 152, 158, (1990). In Syllabus Point 1 of *State v. Flinn*, 158 W.Va. 111, 208 S.E.2d 538 (1974), we held that "[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication."

In ascertaining the legislative intent behind W.Va. Code § 61-8-5(b), we find that the legislative history of the statute's adoption in 1943 does not address the specific meaning or purpose of the third offense provision. Prior to 1943, W.Va. Code § 61-8-5 did not expressly punish a woman for engaging in prostitution. Under the version of the statute that existed prior to 1943, a woman could be prosecuted for prostitution

only if she engaged in prostitution in a "house of ill fame." This can be seen in the case of *State v. Pyles*, 86 W.Va. 636, 104 S.E. 100 (1920).

The defendant in *Pyles* appealed following her conviction of "guilt of keeping and maintaining a certain house of ill fame." *Id.* On appeal, the defendant argued that although the evidence demonstrated that she may have engaged in prostitution, her conviction was invalid because she did not engage in prostitution in a house of ill fame as required by the statute. The Court in *Pyles* summarized the evidence as follows:

> The accused permanently resided in the house alone, but, according to the evidence, men singly there visited her so often, in such number, and under such circumstances as, aided by her own conduct, tended very strongly to prove that she there indulged in acts of prostitution with them. But there is no proof, nor sufficiently probative evidence, that any other woman resorted to the house for purposes of prostitution.

*Pyles*, 86 W.Va. at 636-37, 104 S.E. at 100. The Court held that the evidence was insufficient to sustain the conviction. The following rationale was provided:

> Our statute does not define a house of ill fame, wherefore it is necessary to go to the common law for its definition. Under the common law, a house kept by one woman, who there indulges in prostitution with numerous men, and not resorted to by any other lewd woman for the like purpose, is not a house of ill fame. . . . [T]he reason for the holding is that the house must possess an element of danger to the public peace, and it does not exist unless there is a tendency to bring together crowds or assemblages of dissolute, debauched, and quarrelsome persons. The common-law penalty had, for its principal purpose, preservation of the peace, not maintenance of morality. Morality was encouraged and vindicated by the spiritual tribunals, and the common law

10

> ordinarily left an unmixed question of morality or offense against morality within their cognizance.
> * * *
> As the evidence wholly fails to make out a case, in view of this legal proposition, the judgment will have to be reversed[.]

86 W.Va. at 637-38, 104 S.E. at 100 (international citations omitted).

The Court's decision in *Pyles* demonstrates that prior to 1943 the Legislature did not seek to punish a woman for engaging in prostitution per se. Instead, the Legislature sought to punish engaging in prostitution in a house of ill fame. This historical background on the statute as it existed prior to 1943 may explain the ambiguity in the fact that W.Va. Code § 61-8-5(b) only imposes misdemeanor, rather than felony, offenses against a person engaging in prostitution.

Compounding the ambiguity of W.Va. Code § 61-8-5(b) is the fact that the Legislature enacted separate statutes for punishing panderers and pimps. The pandering offense is set forth in W.Va. Code § 61-8-7 [1986]. It provides, in part:

> Any person who shall procure an inmate for a house of prostitution, or who, by promises, threats, violence, or by any device or scheme, shall cause, induce, persuade or encourage a person to become an inmate of a house of prostitution, or shall procure a place as inmate in a house of prostitution for a person . . . shall be guilty of pandering, and, upon a first conviction for an offense under this section, shall be punished by imprisonment in the county jail for a period of not less than six months nor more than one year . . ., and upon conviction for any subsequent offense . . . shall be punished by imprisonment in the penitentiary for a period of not less than one nor more than five years.

11

The pimping offense is set forth in W.Va. Code § 61-8-8 [1986]. It provides, in part:

> Any person who, knowing another person to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of the prostitution of such prostitute . . . shall be guilty of pimping, and, upon the first conviction for such offense, shall be punished by imprisonment in the county jail for a period of not less than six months nor more than one year, and by a fine of not less than one hundred nor more than five hundred dollars; and, upon a conviction for any subsequent offense hereunder, shall be punished by imprisonment in the penitentiary for a period of not less than one nor more than three years.

Even though the Legislature enacted these separate statutes for panderers and pimps, under W.Va. Code § 61-8-5(b) panderers and pimps can also be punished when a prostitute engages in prostitution after a second conviction. This discrepancy does not make sense, but that is the effect of a literal application of W.Va. Code § 61-8-5(b), W.Va. Code § 61-8-7, and W.Va. Code § 61-8-8.

We next examine the overarching design of W.Va. Code § 61-8-5(b). The statute contains three offenses and corresponding penalties for those offenses. The first two offenses in the statute are misdemeanors which are expressly applicable to a prostitute. West Virginia Code § 61-8-5(b) makes it abundantly clear that "any person who shall engage in prostitution" may be charged pursuant to these first two misdemeanor offenses. The third offense provision in W.Va. Code § 61-8-5(b) is a felony offense and is restricted "*only* to the pimp, panderer, solicitor, operator or any

12

person benefiting financially or otherwise from the earnings of a prostitute." (Emphasis added).

Reading the second half of the third offense provision in isolation ("or any person benefiting financially or otherwise from the earnings of a prostitute") supports the State's argument that the phrase "any person" includes a prostitute financially benefiting from her own act of prostitution. However, unlike the first two misdemeanor offenses contained in the statute, the third offense provision does not state that it applies to "any person who shall engage in prostitution." Instead, the clear focus of the third offense provision is "*only*" on those third parties who financially benefit from the earnings of a prostitute, including a pimp, panderer, solicitor, and operator. Defendant Fuller makes a compelling argument that the Legislature clearly and unequivocally included a prostitute under the first two misdemeanor offenses contained in the statute, but did not explicitly include a prostitute under the felony third offense provision. Because the Legislature did not clearly and unequivocally include a prostitute under the felony third offense provision, Defendant Fuller asserts that W.Va. Code § 61-8-5(b) does not "set out with sufficient definiteness to give a person of ordinary intelligence fair notice that [her] contemplated conduct is prohibited by statute[.]" *Flinn*, 158 W.Va. 111, 208 S.E.2d 538.

Based on our review, we conclude that the third offense provision is susceptible to differing constructions and that reasonable minds might disagree as to its intended meaning. In light of this conclusion, we apply the rule of lenity which requires that penal statutes must be strictly construed against the State and in favor of the

13

defendant. Syllabus Point 5, *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 465 S.E.2d 257. Construing the statute in favor of Defendant Fuller, we find that the first two misdemeanor offenses set forth in W.Va. Code § 61-8-5(b) expressly apply to a prostitute. However, the felony third offense provision does not expressly apply to a prostitute; rather, it expressly applies to third parties benefiting financially from the earnings of a prostitute, *i.e.* a pimp, panderer, solicitor, or operator. Thus, we find that the third offense provision of W.Va. Code § 61-8-5(b) contains an ambiguity and pursuant to the rule of lenity, we resolve this ambiguity in Defendant Fuller's favor.

Based on the foregoing, we hold that under the first and second offenses contained in W.Va. Code § 61-8-5(b), it is a misdemeanor crime for any person to engage in an act of prostitution. The third or subsequent felony offense provision contained in W.Va. Code § 61-8-5(b) does not apply to a person who engages in an act of prostitution. Instead, the third or subsequent felony offense provision *only* applies to third parties who financially benefit from the earnings of a prostitute, such as a pimp, panderer, solicitor, or operator. Applying this holding to the present case, we find that Defendant Fuller's alleged conduct does not subject her to culpability pursuant to the third offense provision of W.Va. Code § 61-8-5(b). Thus, the circuit court erred by denying her motion to dismiss the indictment.

14

## IV.
## CONCLUSION

The circuit court's February 3, 2016, order is reversed.  We remand this case to the circuit court for entry of an order dismissing the indictment against Defendant Fuller.

Reversed and Remanded.

15