IN THE MATTER OF THE ESTATE OF ELMER RESSEGER, *deceased*: MARY E. RESSEGER, *Executrix* OF THE LAST WILL AND TESTAMENT OF ELMER RESSEGER, *deceased*

*v.*

G. THOMAS BATTLE, STATE TAX COMMISSIONER OF WEST VIRGINIA

(No. 12700)

Submitted April 23, 1968.         Decided May 28, 1968.

*C. Donald Robertson*, Attorney General, *Louise M. Barr*, Assistant Attorney General, for plaintiff in error.

*Rickey & Chase, J. W. Rickey, Raymond R. Hyre*, for defendant in error.

HAYMOND, JUDGE:

The question to be determined upon this writ of error to the final judgment of the Circuit Court of Marshall

County in this proceeding is whether the provisions of Section 1(c) or the provisions of Section 1(d), Article 11, Chapter 11, Code, 1931, as amended, relate to and render taxable certain assets of the estate of Elmer Resseger, deceased, which by transfer made less than three years before the death of Elmer Resseger in Marshall County, West Virginia, on May 11, 1965, were held by Elmer Resseger and Mary E. Resseger, his wife, as joint tenants, with the right of survivorship. The assets in question consist of two savings accounts in Mercantile Banking and Trust Company, in Moundsville, West Virginia, one in the names of Elmer Resseger or Mary E. Resseger, and the other in the names of Elmer Resseger and Mary E. Resseger, husband and wife, and numerous shares of the capital stock of several corporations issued in the names of Elmer Resseger and Mary E. Resseger, husband and wife, as joint tenants, with the right of survivorship, and aggregate $70,259.38.

After the estate was duly appraised the plaintiff, Mary E. Resseger, as executrix of the last will and testament of Elmer Resseger, deceased, filed an inheritance tax return and paid the sum of $5,743.01, which included the tax as provided by Section 1(d), as the amount of the inheritance tax owing by the estate on the theory that the foregoing assets were taxable under the provisions of Section 1(d), Article 11, Chapter 11, Code, 1931, as amended. After an audit and a hearing the defendant G. Thomas Battle, State Tax Commissioner, ruled that the foregoing assets were taxable under Section 1(c) and not under Section 1(d) of the foregoing article and chapter of the Code and on July 20, 1966, levied a deficiency tax assessment of $1,739.73 against the estate. On September 1, 1966, the plaintiff appealed the deficiency tax assessment imposed by the defendant G. Thomas Battle, State Tax Commissioner, to the Circuit Court of Marshall County.

Upon the writ of error, which was heard upon the petition of the plaintiff, the separate answers of the defendant and of John E. Carrigan, Guardian ad Litem for William Elmer Resseger, Laura Virginia Resseger and John Resseger, infant beneficiaries of the estate of Elmer Resseger,

218

deceased, the demurrer of the plaintiff to the answer of the defendant, and certain exhibits, from all of which it appears without dispute that the transfer of the foregoing assets was made within three years of the death of Elmer Resseger without adequate valuable consideration and in contemplation of death, there being no evidence to rebut the statutory presumption that such transfer was made in contemplation of death, the circuit court, by final judgment rendered February 1, 1967, granted the relief prayed for by the plaintiff, held that by the enactment of Chapter 11, Article 11, Section 1 (d), it was the intent of the Legislature not to include jointly owned property, with survivorship, under Section 1 (c) and that the State Tax Commissioner was without authority to levy the deficiency tax assessment of $1,739.73 against the estate, and set aside the deficiency tax assessment. To that judgment this Court granted this writ of error and supersedeas upon the application of the defendant.

The material facts are not disputed and the question for decision is a question of law.

The statutory provisions to be considered in the decision of this proceeding are the provisions of Section 1 (c) and the provisions of Section 1 (d), Article 11, Chapter 11, Code, 1931, as amended.

The provisions of Section 1, to the extent here pertinent, are: "A tax, payable into the treasury of the State, shall be imposed upon the transfer, in trust, or otherwise, of any property, or interest therein, real, personal, or mixed, if such transfer be: * * *; (c) by a resident, or by a nonresident owning taxable property within the State or within its jurisdiction, by deed, grant, sale or gifts, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death, * * *. Every transfer by deed, grant, sale or gift, made within three years prior to the death of the grantor, vendor, or donor, without adequate valuable consideration, shall be presumed to have been made in contemplation of death within the meaning of this subdivision;".

The provisions of Section 1(d), to the extent here pertinent, are that such tax shall be imposed if such transfer be made "(d) by any person who shall transfer any property which he owns, or shall cause any property to which he is absolutely entitled to be transferred to or vested in himself and any other person jointly, with the right of survivorship, in whole or in part, in such other person, a transfer shall be deemed to occur and to be taxable under the provisions of this article upon the vesting of such title in the survivor: * * *: Provided further, that in the case of a surviving spouse, not more than fifty per centum of the value of any transfer mentioned in this subdivision (d) shall be included and taxed in any such decedent's estate;".

It is conceded by the parties to this proceeding that the transfer of the assets held by Elmer Resseger and Mary E. Resseger jointly, with the right of survivorship, though not made by deed, grant or sale, was within three years prior to the death of Elmer Resseger without adequate valuable consideration; that the statutory presumption that such transfer was made in contemplation of death within the meaning of the statute was not rebutted by the plaintiff by any evidence; that such transfer was, by its terms, intended to take effect upon the death of Elmer Resseger; and that Mary E. Resseger is his surviving spouse.

The sole question for consideration and determination is which of the foregoing statutory provisions applies to and governs the taxability of the joint assets involved in this proceeding.

The plaintiff contends that the provisions of Section 1(c) do not apply to the transfer of the assets held by Elmer Resseger and Mary E. Resseger, husband and wife, as joint tenants, with the right of survivorship, and that the provisions of Section 1(d) apply to and govern such assets and limit the amount of the tax to fifty per centum of their value.

On the contrary the defendant insists that the provisions of Section 1(c) apply to the assets held by the Ressegers as joint tenants, with the right of survivorship, and subject

them to a tax on the entire value of such assets and that the provisions of Section 1(d) do not apply.

The defendant, though not denying that each of the statutory provisions is clear and unambiguous, contends that the provisions should be read together and when so read and considered the taxability of the joint assets is governed by the provisions of Section 1(c) and not by the provisions of Section 1(d).

Notwithstanding the disagreement of the parties as to the applicability of these separate and distinct provisions it is manifest that the language of each of the statutory provisions is plain and unambiguous and conveys a clear and definite meaning. That the parties disagree as to the meaning or the applicability of each provision does not of itself render either provision ambiguous or of doubtful, uncertain or obscure meaning.

This Court has uniformly held in many cases that when a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts and that in such case it is the duty of the courts not to construe but to apply the statute. *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448; *State ex rel. Wheeling Downs Racing Association* v. *Perry,* 148 W. Va. 68, 132 S. E. 2d 922; *State ex rel. Fox* v. *The Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield,* 148 W. Va. 369, 135 S. E. 2d 262, and the many cases cited in the opinion in that case. If recognition should be given to the contention of the defendant that both statutory provisions should be read and applied together and that the provisions of Section 1(c) apply to the joint assets involved in this proceeding, it could be argued as logically consistent that they would be taxable under both provisions as the provisions of Section 1(d) expressly mention and specifically apply to a transfer of property owned by a person which is vested in himself and any other person jointly with the right of survivorship in whole or in part in such other person and expressly provide that in the case of a surviving spouse not more than fifty per centum of the value of any such

transfer shall be included and taxed in the estate of the decedent. To apply the statute as contended for by the defendant would utterly ignore and disregard the specific and express provisions of Section 1(d) which limit the amount of the tax to fifty per centum in the estate of any decedent in the case, as here, of a surviving spouse and would render meaningless and ineffective the clear and unambiguous provisions of Section 1(d) which are specific and express the intent of the Legislature that in the case of a surviving spouse not more than fifty per centum of the value of such joint assets shall be included and taxed in the estate of any such decedent. It is obvious that in this instance the provisions of Section 1(d) and not the provisions of Section 1(c) apply to and govern the taxability of the joint assets of the value of $70,259.38, the title to which vested in Mary E. Resseger as the surviving spouse of Elmer Resseger, deceased. To hold otherwise would clearly defeat the legislative intent, which is plainly expressed in the second proviso of Section 1(d) of the statute.

For the foregoing reasons this Court holds that a transfer of assets to a husband and wife jointly, with the right of survivorship, made within three years of the death of the husband without adequate valuable consideration and in contemplation of death, is not subject to taxation under the provisions of Section 1(c) but is taxable under the provisions of Section 1(d), Article 11, Chapter 11, Code, 1931, as amended, which expressly provide in the case of a surviving spouse that not more than fifty per centum of the value of any transfer of assets mentioned in Section 1(d) shall be included and taxed in any such decedent's estate.

The judgment of the Circuit Court of Marshall County, being free from prejudicial error, is affirmed.

*Affirmed.*