599 S.E.2d 789

**BOARD OF TRUSTEES OF FIREMEN'S PENSION AND RELIEF FUND of The CITY OF FAIRMONT, West Virginia, Petitioner Below, Appellant**

v.

**The CITY OF FAIRMONT, West Virginia, a Municipal Corporation, Bruce McDaniel, its City Manager, and Eileen Layman, its City Finance Manager, Respondents Below, Appellees.**

No. 31593.

Supreme Court of Appeals of West Virginia.

Submitted March 31, 2004.

Decided June 2, 2004.

---

James B. Zimarowski, John F. Wiley, J. Frederick Wiley, P.L.L.C., Morgantown, for Appellant.

Kevin V. Sansalone, Sansalone & Sansalone, Fairmont, for Appellees.

MAYNARD, Chief Justice:

The Board of Trustees of Firemen's Pension and Relief Fund of the City of Fairmont, West Virginia, Appellant, appeals the December 5, 2002, order of the Circuit Court of Marion County finding that, under W.Va. Code § 8–22–26a(a) (1991), the supplemental pension benefit provided therein is to be calculated on the amount of $15,000 each year instead of $15,000 plus accumulated supplemental pension benefits from previous years. For the following reasons, we reverse and remand.

## I.

## FACTS

Appellant Board of Trustees of Firemen's Pension and Relief Fund of the City of Fairmont (hereafter "the Board"),[1] directed Eileen Layman, Appellee, Finance Director of the City of Fairmont,[2] Appellee, to calculate the July 1, 2001, supplemental pension benefit, authorized by W.Va.Code § 8–22–26a(a) (1991) to be paid to retired firemen or their surviving beneficiaries, on the first $15,000 of the total annual benefit paid plus accumulated supplemental benefits which have been added to the $15,000 from previous years. In other words, the Board called for compounding the supplemental benefits on the statute's allowable amount of $15,000.[3] The Board's position was based on the conclusion of EFI Actuaries—EFI Asset/Liability Management Services, Inc. which was hired by the Board to prepare an actuarial valuation of the firemen's pension and relief fund.[4]

Ms. Layman initially complied with the Board's directive. However, after discovering that the police pensioners' supplemental pension benefit was calculated on the first $15,000 of benefits paid without the use of a compounding factor, she ceased to compound the calculation of the firemen's supplemental pension benefit.[5]

The Secretary of the Board subsequently ordered Ms. Layman to recalculate the supplemental benefits and to reimburse all qualified pensioners the pay lost by not compounding. Ms. Layman and Appellee Bruce McDaniel, the City Manager of Fairmont,

---

1. According to W.Va.Code § 8–22–17 (1981), the Board is a public corporation which acts as fiduciary of the firemen's pension and relief fund to discharge its duties "solely in the interest of the members and members' beneficiaries for the exclusive purpose of providing benefits to members and their beneficiaries and defraying reasonable expenses of administering the fund."

2. W.Va.Code § 8–22–21 (1981) provides that "[t]he treasurer of the municipality shall be the custodian of all of the assets of the ... firemen's pension and relief fund, and shall deposit and pay out the moneys thereof upon, and in accordance with, any proper order of the board of trustees." The treasurer is also designated a fund fiduciary.

3. For example, according to the Board's position, if, in the first year of calculation, the annual percentage increase was three percent of the allowable amount of $15,000, which is $450, in the second year, the supplemental benefit would be calculated on an allowable amount of $15,450, and so on. In contrast, Appellees posit

that the allowable amount on which the supplemental benefit is to be calculated each year remains $15,000.

4. The boards of trustees of the police and firemen's pension and relief funds are directed by W.Va.Code § 8–22–20 (2003) to have regularly scheduled actuarial valuation reports prepared by a qualified actuary. In addition, under W.Va. Code § 8–22–20a(a)(2) (2002), the state treasurer "should contract with an actuary as a consultant for the municipal police and firemen's pension and relief funds and that among other duties the actuary should determine if there is consistent reporting from the various funds."

5. According to Appellees' counsel in a hearing below, the previous finance director of the City of Fairmont calculated the supplemental pension benefit for the police and firemen by adding the supplemental pension benefits to the first $15,000 when calculating the annual increase.

refused to follow the Board's directive absent the filing of a declaratory action.

The Board subsequently filed a declaratory judgment action in the Circuit Court of Marion County, and Appellees counterclaimed. By order of December 5, 2002, the circuit court granted the City's counterclaim for declaratory judgment, finding, *inter alia*, that W.Va.Code § 8–22–26a(a) clearly and unambiguously declares that the amount of the supplemental benefit is to be calculated on the amount of $15,000 and not calculated on a cumulative amount. The Board now appeals this order.

## II.

## STANDARD OF REVIEW

■ Because this case concerns a circuit court's declaratory judgment and the proper interpretation of a statute, this Court's review is *de novo*. *See* Syllabus Point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995) ("A circuit court's entry of a declaratory judgment is reviewed *de novo*."); *see also* Syllabus Point 1, in part, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996) ("questions of law and interpretations of statutes . . . are subject to *de novo* review.").

## III.

## DISCUSSION

In W.Va.Code §§ 8–22–16 to 8–22–28, the Legislature created and provided for police and firemen's pension and relief funds.[6] The statute at issue, W.Va.Code § 8–22–26a(a)

(1991), concerning the calculation of a supplemental pension benefit, provides:

> Except as otherwise provided in this section, all retirees, surviving beneficiaries, disability pensioners or future retirees shall receive as a supplemental pension benefit an annualized monthly amount commencing on the first day of July, based on a percentage increase equal to any increase in the consumer price index as calculated by the United States Department of Labor, Bureau of Statistics,[7] for the preceding year: Provided, That the supplemental pension benefit specified herein shall not exceed four percent per year: Provided, however, That no retiree shall be eligible for the supplemental pension benefit specified herein until the first day of July after the expiration of two years from the date of retirement of said retiree: Provided further, That persons retiring prior to the effective date of this section shall receive the supplemental benefit provided for in this section immediately upon retirement and shall not be subject to the two year delay: And provided further, That the supplemental benefit shall only be calculated on the allowable amount, which is the first fifteen thousand dollars of the total annual benefit paid. If at any time, after the supplemental benefit becomes applicable, the total accumulated percentage increase in benefit on the allowable amount becomes less than seventy-five percent of the total accumulated percentage increase in the consumer price index over that same period of time, the four percent limitation shall be inapplicable until such time as the supplemental benefit paid equals seventy-

**6.** According to W.Va.Code § 8–22–16 (1994), every Class I and Class II city having a paid fire department *shall*, and every Class III city and Class IV town or village having a paid fire department *may*, by ordinance provide for the establishment and maintenance of a firemen's pension and relief fund to be administered by a board of trustees. A Class I city is defined in W.Va.Code § 8–1–3(1) (1969) as a municipal corporation with a population in excess of fifty thousand; a Class II city is defined in W.Va.Code § 8–1–3(2) as a municipal corporation with a population in excess of ten thousand but not in excess of fifty thousand; a Class III city is defined in W.Va.Code § 8–1–3(3) as a municipal corporation with a population in excess of two thousand but not in excess of ten thousand; and a Class IV

town or village is defined in W.Va.Code § 8–1–3(4) as a municipal corporation with a population of two thousand or less.

**7.** According to U.S. Department of Labor, Bureau of Labor Statistics, *Consumer Price Indexes, http://stats.bls.gov/cpi/*, the consumer price index is "a measure of the average change over time in the prices paid by urban consumers for a market basket of consumer goods and services." Further, it "is often used to adjust consumers' income payments, for example, Social Security; to adjust income eligibility levels for government assistance; and to automatically provide cost-of-living wage adjustments to millions of American workers."

five percent of the accumulated increase in the consumer price index. The supplemental pension benefit payable under the provisions of this section shall be paid in equal monthly installments.

*Id.* (Footnote added.). The specific language at issue herein is "the supplemental benefit shall only be calculated on the allowable amount, which is the first fifteen thousand dollars of the total annual benefit paid." As noted above, according to the Board, the allowable amount is $15,000 plus accumulated supplemental benefits from prior years. Appellees, on the other hand, say that the allowable amount is only $15,000 each year.

■■■ At the outset, this Court is mindful that "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). A statute is ambiguous when it is "susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W.Va. 373, 386, 52 S.E.2d 740, 747 (1949). We also have described the term "ambiguity" as,

> connoting doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression used in a written instrument. It has been declared that courts may not find ambiguity in statutory language which laymen are readily able to comprehend; nor is it permissible to create an obscurity or uncertainty in a statute by reading in an additional word or words.

*Crockett v. Andrews*, 153 W.Va. 714, 718–19, 172 S.E.2d 384, 387 (1970). Therefore, we initially must determine whether the language at issue is ambiguous.

■■ Appellees maintain and the circuit court found that the statute unambiguously indicates that the calculation of the supplemental benefit be made on only the first $15,000 of the total benefits paid in a year, and that nothing in the statute supports compounding the allowable amount by the previous year's supplemental benefits paid. We disagree. We believe that the language "the supplemental benefit shall only be calculated on the allowable amount, which is the first fifteen thousand dollars" can be read by reasonable persons to have different meanings. As evidence of this, we need only to point to the disparate interpretations given the language by the Board and Appellees. While we are aware that mere disagreement as to the meaning of a provision "does not of itself render [a] provision ambiguous or of doubtful, uncertain or obscure meaning[,]" *In re Estate of Resseger*, 152 W.Va. 216, 220, 161 S.E.2d 257, 260 (1968), the parties herein arrive at two constructions of the same language, both of which are reasonable. Because this provision is susceptible of two reasonable constructions, we conclude that it is ambiguous.

Equally ambiguous is the very next sentence in the statute which states,

> If at any time, after the supplemental benefit becomes applicable, the total accumulated percentage increase in benefit on the allowable amount becomes less than seventy-five percent of the total accumulated percentage increase in the consumer price index over that same period of time, the four percent limitation shall be inapplicable until such time as the supplemental benefit paid equals seventy-five percent of the accumulated increase in the consumer price index.

Appellant and EFI Actuaries believe that the language "accumulated percentage increase in benefit on the allowable amount" indicates that the allowable amount of $15,000 is to be compounded. On the other hand, Appellees interpret this language to mean simply the cumulative percentage increase of the supplemental pension benefit for a period of years that should not fall below 75% of the actual increase in the consumer price index for the same period. We believe that both constructions are reasonable. Accordingly, we find it necessary to interpret the statute using our traditional rules of statutory construction.

■■■ "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syllabus Point 1, *Smith v. State Workmen's Compensation Com'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

In determining the Legislature's intent, we are mindful that,

> A statute should be so read and applied as to make it accord with the spirit, purposes, and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law applicable to the subject-matter, whether constitutional, statutory, or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908). According to W.Va. Code § 8–22–26a(g), the purpose of W.Va. Code, article 22, chapter 8 is to establish minimum pension benefits to retired police and firemen and their surviving spouses. This Court previously has recognized that a primary purpose of statutes providing for police [and firemen's] pensions is "to protect the employee and his [or her] family." *Spencer v. Yerace*, 155 W.Va. 54, 60, 180 S.E.2d 868, 872 (1971) (citations omitted). This purpose would be frustrated if police and firemen's pensions were permitted to significantly diminish over time due to the effects of inflation. Further, it is obvious that the Legislature's intent in enacting W.Va.Code § 8–22–26a is to obviate to some degree the effects of inflation due to the fact that the annual percentage increase in the supplemental pension benefit is tied to the consumer price index which is the most widely used measure of inflation.[8] Accordingly, we hold that the Legislature's intent in enacting W.Va.Code § 8–22–26a(a) (1991) is to provide protection to police and firemen's pensions against erosion due to inflation.[9]

■ Having determined the Legislature's intent in enacting W.Va.Code § 8–22–26a, we construe the statute liberally to the benefit of police and firemen retirees and beneficiaries in order to best achieve this purpose. *See* W.Va.Code § 8–22–26a(g) (providing that "[t]his section shall be construed liberally"); *Cawley v. Board of Trustees, Etc.,* 138 W.Va. 571, 575, 76 S.E.2d 683, 687 (1953) (declaring that "statutes creating a pension and relief fund for municipal employees should receive a liberal construction" (citations omitted)). Clearly, police and firemen retirees and their beneficiaries receive more protection against inflation when supplemental benefits on the allowable amount of the first $15,000 are compounded. Accordingly, we now hold that the amount of the supplemental pension benefit provided to police and firemen in W.Va. Code § 8–22–26a(a) (1991) is to be calculated on the allowable amount of the first $15,000 of the total annual benefit paid in addition to accumulated supplemental pension benefits from previous years.

## IV.

### CONCLUSION

In conclusion, because of our holding in this case, we reverse the December 5, 2002,

---

**8.** *See* U.S. Department of Labor, Bureau of Labor Statistics, *Consumer Price Indexes, http://stats.bls.gov/cpi/.*

**9.** Appellees assert, to the contrary, that the Legislature's intent in amending W.Va.Code § 8–22–26a in 1991 "has nothing whatsoever to do with protecting the buying power of the retirees and everything to do with protecting the fiscal integrity and soundness of the various pension funds and to protect municipal budgets." In support of this proposition, Appellees cite the legislative findings set forth in W.Va.Code § 8–22–16a that indicate that the purpose of the 1991 amendment of W.Va.Code § 8–22–26a is to maintain actuarially sound pension systems. We believe that Appellees confuse the overall purpose of W.Va. Code § 8–22–26a with the Legislature's reasons for the 1991 amendment. The 1990 version of W.Va.Code § 8–22–26a(a) provided that the supplemental pension benefit shall be based on a percentage increase equal to any increase in the consumer price index for the preceding year. Absent from this version was a four percent per year limit on the percentage increase and a $15,000 limit on the allowable amount. As expressed in W.Va.Code § 8–22–16a, however, the Legislature found that the cost associated with the 1990 supplemental pension benefit "would prevent the maintenance of an actuarially sound pension system and would jeopardize the interests of the members of the retirement funds[.]" Therefore, the Legislature was compelled to limit the supplemental pension benefit as provided in the present version of W.Va.Code § 8–22–26a. This indicates to us that the Legislature's dual intent in amending W.Va.Code § 8–22–26a was to provide as great a supplemental pension benefit as possible to police and firemen retirees and their beneficiaries while at the same time maintaining actuarially sound pension funds.

order of the Circuit Court of Marion County that found to the contrary, and we remand for further proceedings consistent with this opinion.[10]

Reversed and remanded.

**10.** Because of our disposition of the first issue raised by the Board of Firemen's Pension and Relief Fund, we do not find it necessary to address the second issue which is whether Appellees were authorized, under W.Va.Code § 8–22– 21 (1981), to refuse to obey the order of the Board directing them to calculate the supplemental pension benefit on the allowable amount of $15,000 plus the accumulated supplemental pension benefits from previous years.