IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

_____

No. 12-1500

_____

**FILED**

**February 5, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

UNITED SERVICES AUTOMOBILE ASSOCIATION,
Defendant Below, Petitioner

v.

KIMBERLY LUCAS,
Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Cabell County
The Honorable F. Jane Hustead, Judge
Civil Action No. 08-C-528

AFFIRMED

_____

Submitted: January 14, 2014
Filed: February 5, 2014

Daniel J. Konrad, Esq.            Neil R. Bouchillon, Esq.
Anna M. Price, Esq.               Amy C. Crossan, Esq.
Huddleston Bolen LLP              Bouchillon, Crossan & Colburn, L.C.
Huntington, West Virginia         Huntington, West Virginia
Counsel for the Petitioner        Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "A statute that is ambiguous must be construed before it can be applied." Syllabus Point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992).

2.      "Where a statute is of doubtful meaning, the contemporaneous construction placed thereon by the officers of government charged with its execution is entitled to great weight, and will not be disregarded or overthrown unless it is clear that such construction is erroneous."  Syllabus Point 7, *Evans v. Hutchinson*, 158 W.Va. 359, 360, 214 S.E.2d 453, 456 (1975).

3.      "Once a disputed regulation is legislatively approved, it has the force of a statute itself.  Being an act of the West Virginia Legislature, it is entitled to more than mere deference; it is entitled to controlling weight.  As authorized by legislation, a legislative rule should be ignored only if the agency has exceeded its constitutional or statutory authority or is arbitrary or capricious."  Syllabus Point 2, *W.Va. Health Care Cost Review Auth. v. Boone Mem'l Hosp*., 196 W.Va. 326, 472 S.E.2d 411 (1996).

4.      When a motor vehicle liability policy has been in existence for a continuous period of two or more years, *W.Va. Code* § 33-6-36 [1993] requires an insurer to notify a named insured and the spouse of a named insured, upon any change or termination in coverage, of the right of the named insured or spouse to request a separate policy in the event of either: (a) the named insured's death; (b) the legal separation of the named insured and spouse; or (c) the termination of the named insured and spouse's marital relationship.

i

5.     When a motor vehicle liability policy has been in existence for a continuous period of two or more years, *W.Va. Code* § 33-6-36 [1993] requires an insurer, upon request, to issue a separate policy to a named insured or the spouse of a named insured when either: (a) the named insured has died; (b) the named insured and spouse have legally separated; or (c) the named insured and spouse have terminated their marital relationship.  The named insured or spouse must request their own separate policy within 30 days of the expiration or termination of the policy.

6.     "Where there has been an invalid cancellation of an automobile liability insurance policy, the policy remains in effect until the end of its term or until a valid cancellation notice is perfected, whichever event first occurs."  Syllabus Point 4, *Dairyland Ins. Co. v. Conley*, 218 W.Va. 252, 624 S.E.2d 599 (2005).

Justice Ketchum:

In this appeal from the Circuit Court of Cabell County, we are asked to review a declaratory judgment order against a motor vehicle liability insurer. As set forth below, we affirm the circuit court's declaratory judgment order.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2007, Francis McComas, Jr., lost control of his vehicle, hydroplaned on a rain-slicked road, and collided head-on with plaintiff Kimberly Lucas's vehicle. Mr. McComas was killed in the collision. Ms. Lucas was seriously injured, and she later filed a lawsuit against the estate of Mr. McComas. In her lawsuit, she included a declaratory judgment count against an insurance company, defendant United Services Automobile Association ("USAA"). The plaintiff contended that a USAA motor vehicle policy provided liability coverage for Mr. McComas's negligence.

In this case, we are asked to interpret *W.Va. Code* § 33-6-36 [1993], a statute which, in certain circumstances, requires insurance companies to continue motor vehicle liability coverage for a spouse after the death of, or separation or divorce from, the named insured. Shortly before the collision with plaintiff Lucas, Mr. McComas had separated from and then divorced a USAA named insured, and USAA had cancelled Mr. McComas's liability coverage. The parties ask us to discern whether USAA was required by this statute to notify Mr. McComas of his right to buy a separate liability insurance policy.

1

The USAA motor vehicle policy in question was issued to Felecity Cooper in 2004. On February 18, 2006, Felecity and Mr. McComas were married, and Mr. McComas was added to Felecity's USAA policy as an "operator." Felecity was listed on the policy's declarations page as the "Named Insured," and both Felecity and Mr. McComas were listed as "operators."

Felecity and Mr. McComas separated in May 2007. Approximately 18 months after adding Mr. McComas to her USAA policy, on August 17, 2007, Felecity contacted USAA by telephone and said that she and Mr. McComas had separated and were getting divorced. She asked USAA to remove Mr. McComas from the policy, and gave USAA an address where Mr. McComas could be contacted. Effective that same day, USAA removed Mr. McComas from Felecity's policy. USAA never sent any notice to Mr. McComas's new address indicating that his coverage had been cancelled.[1] Furthermore, USAA never sent Mr. McComas a notice advising him of his right to purchase a new USAA policy separate from Felecity with the same coverages.

---

[1] The appendix record indicates that, even though USAA was aware of Mr. McComas's new address, it continued to send all correspondence to Felecity's address. First, it sent a new declarations page to Felecity showing Mr. McComas had been removed as an operator. Then it sent a separate declarations page providing coverage to Mr. McComas for the period August 18, 2007 to February 18, 2008, with the same coverage already in place under the prior USAA policy. Then, three days later on August 20th, it sent Mr. McComas a letter – again, to Felecity's address – saying USAA understood he and Felecity were separated and that the company was "dedicated to ensuring a smooth transition of your insurance policy." Ten days after that, USAA sent a letter to Mr. McComas at the same incorrect address saying the policy had been cancelled effective August 18, 2007. There is nothing in the record to suggest that any notices were sent to the correct address, or that Mr. McComas ever received any of these documents from USAA.

Mr. McComas and Felecity were formally divorced by a family court on October 16, 2007. Seven days later Mr. McComas died in the head-on collision with the plaintiff, Ms. Lucas.

When the plaintiff filed her lawsuit against Mr. McComas's estate and USAA, she asserted in her declaratory judgment count that *W.Va. Code* § 33-6-36 requires a motor vehicle insurer to notify an insured, "upon any change or termination of the policy" arising from the "separation or termination of the marital relationship of the named insured," of the insured's right to continue with the same coverage under a new policy. The plaintiff contended that *W.Va. Code* § 33-6-36 applied to any motor vehicle insurance policy that had been in effect "for a period of two or more years." The plaintiff asked the circuit court for a declaratory judgment that USAA was obligated to provide liability insurance coverage for the collision because it had failed to properly notify Mr. McComas, after his separation and divorce, that his coverage had been cancelled and that he had a right to purchase a new USAA motor vehicle policy with the same coverage.

USAA filed a motion for summary judgment challenging the plaintiff's interpretation of *W.Va. Code* § 33-6-36. USAA contended that the statute only applied to a "spouse covered by a motor vehicle liability policy for a period of two or more years." USAA conceded that its policy with Felecity had been in effect for more than two years in August 2007 when she cancelled coverage for Mr. McComas. However, Felecity only added Mr. McComas to her USAA policy after their February 2006 marriage, and he was removed from the policy 18 months later. Accordingly, USAA argued that it was neither

3

required by the statute to notify Mr. McComas of any right to purchase a new policy, nor was it required to issue such a policy.

In an order entered November 5, 2012, the circuit court denied USAA's motion for summary judgment and granted the plaintiff her sought-after declaratory judgment. The circuit court determined that *W.Va. Code* § 33-6-36 was intended to warn "a separate insured that his or her spouse has sought to terminate the marital insurance coverage," and "gives the insured notice that he or she needs to effectuate, timely, a new or different policy." The circuit court further determined that the statute applies to *any* motor vehicle policy that has been in existence for a continuous period of two or more years. Because the USAA policy at issue had been in effect for more than two years when coverage for Mr. McComas was cancelled, the circuit court found he was entitled to notice of the right to purchase a new policy. Because that statutory notice was not given to Mr. McComas, the circuit court ruled that USAA was required to provide liability coverage to Mr. McComas's estate.

USAA now appeals the circuit court's November 5, 2012 order.


**II.**
**STANDARD OF REVIEW**

In this appeal, we are asked to review the circuit court's interpretation of *W.Va. Code* § 33-6-36 in a declaratory judgment. It is well established that, "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1,

4

*Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *See also*, Syllabus Point 1, *Appalachian Power Co. v. State Tax Dept. of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."). Likewise, "A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syllabus Point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995).

### III.
### ANALYSIS

The Legislature adopted *W.Va. Code* § 33-6-36 in 1993 to provide for "the continuation of coverage under automobile liability policies" in certain circumstances. *1993 Acts of the Legislature*, Ch. 72. The statute ensures continuity of coverage for married couples who buy a motor vehicle liability insurance policy. If one spouse should die, then the statute requires an insurer to offer the same coverage to the surviving spouse without any lapse in coverage. If the marriage should dissolve in separation or divorce, then the insurer is required to offer the same coverage to both parties. Whenever the coverage is changed or terminated, the statute requires the insurer to notify the couple of their rights to continue individual coverage. However, the continuation of coverage is not automatic. Either spouse must request that the insurer issue a separate policy within 30 days of the expiration or termination of the policy.

The statute contains a two-year waiting period before an insurer must abide by the notice and coverage continuation requirements, and the plaintiff and USAA

5

dispute when that two-year period is triggered. Paragraphs (a) and (b) of *W.Va. Code §* 33-6-36 state, in part and with emphasis on the language disputed by the parties:

> (a) In the event of death, legal separation or termination of the marital relationship of the named insured, *the named insured or spouse covered by a motor vehicle liability policy for a period of two or more years* shall, upon request of the named insured or spouse within thirty days of the expiration of said policy, be issued his or her own individual motor vehicle liability insurance policy providing the same coverage as the original policy through the same insurer, without any lapse in coverage: Provided, That any such named insured or spouse may elect to increase or decrease the amount of coverage in his or her respective policies without affecting any privilege provided by this section. . . .

> (b) Insurers shall notify all named insureds at policy issuance or the first renewal after the effective date of this section and upon any change or termination of the policy for reasons other than those provided in sections one and four of article six-a of this chapter of the right of the named insured or spouse to continue coverage as provided by this section.

The plaintiff and USAA argue that this statute is clear and unambiguous. Yet both parties have proposed vastly different meanings of the phrase "the named insured or spouse covered by a motor vehicle liability policy for a period of two or more years." The plaintiff interprets the statute to require continuation of coverage when a motor vehicle liability policy has been in existence for a continuous period of two or more years. USAA claims the statute only protects a person who has been married and covered by their spouse's policy for two or more years.

Hence, we must resolve whether a motor vehicle liability policy must be in effect for two continuous years, or whether a married person must be covered by their

6

spouse's policy for two years, before an insurer is required to provide notice of the right to continue coverage with a new policy under *W.Va. Code* § 33-6-36.

We believe that *W.Va. Code* § 33-6-36 is ambiguous. A statute is ambiguous when the statute's language connotes "doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression[.]" *Crockett v. Andrews*, 153 W.Va. 714, 718, 172 S.E.2d 384, 387 (1970). The statute has an "ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Hereford v. Meek*, 132 W.Va. 373, 386, 52 S.E.2d 740, 747 (1949). In this case, the parties' dueling, but reasonable, interpretations are indicative of the statute's ambiguity.[2]

"A statute that is ambiguous must be construed before it can be applied." Syllabus Point 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992).

When a court assesses a statute that is ambiguous, it should give significant weight to an interpretation of the statute by the executive branch agency charged by the Legislature with enforcing the statute. As we have often said, "Where a statute is of doubtful meaning, the contemporaneous construction placed thereon by the officers of

---

[2] The parties disagreement, however, does not always create an ambiguity. *See, e.g.*, *In re Resseger's Estate*, 152 W.Va. 216, 220, 161 S.E.2d 257, 260 (1968) ("That the parties disagree as to the meaning or the applicability of each provision does not of itself render either provision ambiguous or of doubtful, uncertain or obscure meaning."); *Deller v. Naymick*, 176 W.Va. 108, 112, 342 S.E.2d 73, 77 (1985) (same); *T. Weston, Inc. v. Mineral County*, 219 W.Va. 564, 568, 638 S.E.2d 167, 171 (2006) ("The fact that parties disagree about the meaning of a statute does not itself create ambiguity or obscure meaning.").

government charged with its execution is entitled to great weight, and will not be disregarded or overthrown unless it is clear that such construction is erroneous." Syllabus Point 7, *Evans v. Hutchinson*, 158 W.Va. 359, 360, 214 S.E.2d 453, 456 (1975).[3] Thus, "a construction given a statute by the officers charged with the duty of executing it ought not to be discarded without cogent reason." *State ex rel. Daily Gazette Co. v. County Court, Kanawha County*, 137 W.Va. 127, 132, 70 S.E.2d 260, 262 (1952). "An inquiring court—even a court empowered to conduct *de novo* review—must examine a regulatory interpretation of a statute by standards that include appropriate deference to agency expertise and discretion." *Appalachian Power Co. v. State Tax Dept. of W.Va.*, 195 W.Va. at 582, 466 S.E.2d at 433.

*W.Va. Code* § 33-6-36(c) charges the Insurance Commissioner to adopt rules establishing the procedures and the form of notice that insurance companies are to

---

[3] *See also*, *Thomas v. McDermitt*, 751 S.E.2d 264, 270 (W.Va. 2013) ("This Court has generally held that an entity charged with the administration of a statutory scheme is entitled to some deference, unless the entity's interpretations conflict with the statute they purport to cover."); *Wheeling Fire Ins. Co. v. Bd. of Equalization & Review of Ohio Cnty.,* 111 W.Va. 161, 169, 161 S.E. 427, 430 (1931) ("A contemporaneous construction placed upon an act practiced by and acquiesced in for a period of years by those having its administration is entitled to great weight in construing a doubtful statute, and will not be overthrown by the courts except for strong reasons, or unless clearly erroneous."); Syllabus Point 2, *State ex rel. Brandon v. Board of Control*, 84 W.Va. 417, 100 S.E. 215 (1919) ("Where a statute is of doubtful meaning the contemporaneous construction placed thereon by the officers of government charged with its execution is entitled to great weight, and will not be disregarded or overthrown unless it is clear that such construction is erroneous."); Syllabus Point 6, *Daniel v. Simms*, 49 W.Va. 554, 39 S.E. 690 (1901) ("The construction, given to a statute by those charged with the duty of executing it, ought not to be overruled without cogent reasons.").

8

use under the statute.[4]  Important to the two-year trigger question in this case, the Insurance Commissioner adopted a rule specifying when an insurance company is required to issue a separate policy to a named insured or spouse.  The rule, 114 C.S.R. § 38.5, states (with emphasis added):

> 5.1. As to *all policies which have been in existence for a continuous period of two full years* the insurer must issue a separate policy to any named insured or spouse of a named insured when:
>
> 5.1.1. The named insured has died;
>
> 5.1.2. The named insured as become legally separated from their spouse; or
>
> 5.1.3. The named insured has terminated their marital relationship with their spouse; . . .

This regulation plainly states that *W.Va. Code* § 33-6-36 applies to "all policies which have been in existence for a continuous period of two full years." Furthermore, the Legislature specifically approved the regulation in 1994. *See W.Va. Code* § 64-7-2(z) [1994] ("The legislative rules filed . . . by the insurance commissioner . . . relating to the insurance commissioner (continuation of coverage under automobile liability policies), are authorized."). Our law is clear that, "Once a disputed regulation is legislatively approved, it has the force of a statute itself. Being an act of the West Virginia Legislature, it is entitled to more than mere deference; it is entitled to controlling

---

[4] *W.Va. Code* § 33-6-36(c) states, "The commissioner shall promulgate rules . . . regarding the form of such notice and procedures required by this section."

weight." Syllabus Point 2, in part, *W.Va. Health Care Cost Review Auth. v. Boone Mem'l Hosp.*, 196 W.Va. 326, 472 S.E.2d 411 (1996).

Accordingly, we hold that when a motor vehicle liability policy has been in existence for a continuous period of two or more years, *W.Va. Code* § 33-6-36 requires an insurer to notify a named insured and the spouse of a named insured, upon any change or termination in coverage, of the right of the named insured or spouse to request a separate policy in the event of either: (a) the named insured's death; (b) the legal separation of the named insured and spouse; or (c) the termination of the named insured and spouse's marital relationship. Furthermore, *W.Va. Code* § 33-6-36 requires an insurer, upon request, to issue a separate policy to a named insured or the spouse of a named insured when either: (a) the named insured has died; (b) the named insured and spouse have legally separated; or (c) the named insured and spouse have terminated their marital relationship. The named insured or spouse must request their own separate policy within 30 days of the expiration or termination of the policy.

In the instant case, the USAA motor vehicle liability insurance policy had been in existence for a continuous period in excess of two years when Felecity Cooper asked USAA to cancel coverage for Francis McComas, Jr., because of their separation and pending divorce. Hence, pursuant to *W.Va. Code* § 33-6-36, when USAA altered the policy and terminated coverage for Mr. McComas it had a duty to notify him of his right to request his own USAA policy providing the same coverage. USAA clearly failed to comply with the notice provisions of the statute when it cancelled his coverage.

10

Our law is clear that "[w]here there has been an invalid cancellation of an automobile liability insurance policy, the policy remains in effect until the end of its term or until a valid cancellation notice is perfected, whichever event first occurs." Syllabus Point 4, *Dairyland Ins. Co. v. Conley*, 218 W.Va. 252, 624 S.E.2d 599 (2005). *See also*, *Bailey v. Kentucky Nat. Ins. Co.*, 201 W.Va. 220, 228, 496 S.E.2d 170, 178 (1997) ("With respect to a similar situation we have recognized that '[w]here there has been an invalid cancellation, the automobile liability insurance policy remains in effect until the end of its term or until a valid cancellation notice is perfected, whichever event first occurs.'"); *Conn v. Motorist Mut. Ins. Co.*, 190 W.Va. 553, 558, 439 S.E.2d 418, 423 (1993) (same). Since USAA failed to provide Mr. McComas with a valid notice of cancellation that advised him of his right to request his own USAA policy, its purported termination of his coverage was void. Accordingly, the USAA liability insurance policy on Mr. McComas remained in effect at the time of his fatal accident on October 23, 2007.

## IV.
## CONCLUSION

The circuit court's November 5, 2012 declaratory judgment found that USAA was obligated to provide liability insurance coverage for Mr. McComas's October 23, 2007, collision with the plaintiff. We find no error in that judgment.

Affirmed.